[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2012
JOHN LEY
CLERK

No. 11-13637
Non-Argument Calendar

_____

Agency No. A098-926-625

ALONSO JAVIER BARRAZA VALBUENA, et al.,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 15, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In this immigration case we are called to review the Board of Immigration

Appeals's ("BIA") ruling that the petitioners did not establish a well-founded fear

of persecution on account of their political opinions. We find that substantial evidence supports the ruling, and we deny the petition.

Lead petitioner, Alonso Javier Barraza Valbuena ("Valbuena"), and his wife, Rebeca Alejandra Rodriguez Urdaneta (collectively "Petitioners"), applied for asylum pursuant to 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231, and protection under the Convention Against Torture ("CAT"), 8 C.F.R. §§ 1208.16–.18. Their applications are based on allegations of fear that arose from conflicts with two members of the Venezuelan National Guard. The substance of the conflict includes claims that the National Guard members improperly detained Petitioners overnight and then stole their sound equipment. After the incident was reported to the police, the National Guard members made various threats, attacks, and demands for money. The BIA dismissed the appeal, reasoning that Petitioners failed to show a nexus between the abuse and a statutorily protected ground for asylum or withholding of removal. Additionally, the BIA did not believe the record supported a conclusion that the Venezuelan government was unwilling or unable to protect Petitioners. Finally, because the incidents occurred over 10 years ago, the BIA concluded that Petitioners did not have a well-founded fear of future persecution.

"We review only the [BIA's] decision, except to the extent that it expressly

adopts the [immigration judge's] opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not adopt the IJ's opinion, so we review only the BIA's decision. "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). The reviewing court "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (internal quotation marks omitted).

Asylum is only available to applicants who prove that they are a "refugee" within the meaning of the Immigration and Nationality Act. 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284 (citing 8 C.F.R. § 208.13(a)).

3

As an initial matter, we lack jurisdiction to consider Valbuena's claim that he was persecuted because of his association with a particular social group. This claim is not exhausted because Valbuena did not make it in his asylum application and did not argue it before the immigration judge, and we cannot consider claims for which administrative remedies have not been exhausted. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).

We are not compelled to reverse the BIA's finding that Valbuena failed to show that any persecution he may have suffered was on account of his imputed political opinion. When the record is viewed as a whole, substantial evidence supports the conclusion that the National Guard members were motivated by greed and retaliation for Valbuena's decision to report misconduct to the police. We also agree that the record does not support the conclusion that the Government is unwilling or unable to protect Petitioners or that they have a well-founded fear of future persecution. Accordingly, Petitioners are not eligible for asylum.

Because Petitioners have failed to establish their eligibility for asylum, they have, by extension, failed to satisfy the more stringent burden for withholding of removal or protection under CAT. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

Upon review of the entire record on appeal, and after consideration of the

4

parties' appellate briefs, we deny the petition.

**PETITION DENIED**.